494

## O. C. TESTERMAN v. MRS. ROY HART.

Eastern Section. ———— —, ——.

George M. Dunn, of Johnson City, for plaintiff in error.
Chase & Neal, of Johnson City, for defendant in error.

PORTRUM, J.  Roy R. Hart was indebted to O. C. Testerman in the sum of $39.39 for a grocery account which had been reduced to a judgment.  An execution was demanded and placed in the hands of a deputy sheriff, who levied it upon a Marmon automobile, after inquiry disclosed that an automobile was registered in the name of Roy R. Hart.  The officer took possession of the automobile when Mrs. Roy R. Hart replevied the same before a justice of the peace. She claims that her husband transferred the car to her for a valuable consideration, and she asserted her title to the automobile.   The justice decided the case in favor of the defendant and plaintiff appealed to the circuit court.   The circuit judge tried the case without the intervention of a jury and gave a judgment in favor of the plaintiff, from which the defendant has appealed to this court.

The defense to the transfer from the husband to the wife is that it was a voluntary transfer made for the purpose of hindering, de-

laying and defrauding the husband's creditors. The husband was asked:

"Q. At the time you did that, I will ask you to tell the court why you made the transfer? A. I was drawing one hundred dollars per month in Florida as compensation and I got notice that I would be cut to fifty dollars per month; well, it taken about all that to live on.

"Q. You have a wife and how many children? A. Two, and I owed a few little matters and my wife was working at the time, and I told her if she would finish paying for this car, I would let her have it and make it over to her."

According to this testimony the consideration for the transfer was the payment of the amount due on the car by the wife. How much was due is not shown; however, the wife did not pay the deferred payments, she has parted with nothing. The transfer to be valid must be supported by a fair consideration, which is defined as follows:

"Where consideration is given for property, or obligations—

"(a) When in exchange for such property, or obligation, and a fair equivalent therefor, and in good faith, property is conveyed." Acts 1909, Chapter 125, page 402, section 3.

Under this definition the assumption of a debt without its satisfaction does not amount to a fair consideration. A person must be just before he is generous, even with his wife. A fraudulent intent to defeat creditors is not necessary when the transfer is not supported by a fair consideration.

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Chapter 125, Section 4, supra.

According to Hart's own testimony he is, or was, insolvent at the time of the transfer:

"A person is insolvent when the present or salable value of his assets is less than the amount that will be required to pay his probable liabilities on his existing debts as they become absolute and mature." Chapter 125, Section 2, supra.

According to Hart's testimony, he owed this debt at the time of the transfer together with a few others and he was not able to finish paying for the car; he transferred it to his wife who expected to finish paying for the car but she lost her position and was unable to pay anything upon it. The circuit judge was of the opinion that since the husband and wife testified that they transferred the car in good faith, then to hold it a burden upon them would be tantamount to convicting them of perjury. According to their testimony, the

transfer was made without a fair consideration and their intent or purpose was immaterial. We think the circuit judge was in error in adjudging in favor of the plaintiff; he should have held that the deputy sheriff was entitled to the possession of the car.

A judgment will be entered here in favor of the defendant for the possession of the car, but since it does not appear from the record what the value of the car is, it is necessary that the case be remanded for a reference to determine the value of the car in order that a judgment may be entered providing that the plaintiff may return the car within ten days or a judgment for double the value of the car will be entered. In the event the car is returned to the officer, then a judgment will be entered for the costs and damage, if any, by the retention pending the determination of the replevin suit.

The judgment of the lower court will be entered to conform with Section 5152 of Shannon's Code. The case is reversed and remanded for the aforesaid reference.

Snodgrass and Thompson, JJ., concur.